UNITED STATES DISTRICT COURT
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 28 2017
AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

CRAIG ALEXANDER )
   Plaintiff )
    )
v. )  Civil No. 6:17-cv-00725
    )
ANDREW WILMONT et al )
   Defendants )

Plaintiff's Objection to the
Report and Recommendation

NOW COMES Craig Alexander, Plaintiff in the above captioned matter, objecting to the July 12, 2017 Report and Recommendation (R&R) by Magistrate Judge Baxter as follows:

### I - Claims One - Three are Not Barred by Heck

Magistrate Judge Baxter inappropriately concludes that Plaintiff's Claims One-Three are barred by the Heck v. Humphrey standard. R&R p. 8-9. While it is true that Heck bars §1983 suits that would "necessarily invalidate a criminal conviction", ID, p. 8, Judge Baxter fails to cite an important caveat carved out by the Supreme Court.

There is "a limiting principle set forth in Heck itself which describes . . . 'because of doctrines like independent source and inevitable discovery and especially harmless error,' certain §1983 actions 'even if successful, would not necessarily imply that [a] plaintiff's conviction was unlawful'." Celleri v. Rodriguez, 2008 US Dist. LEXIS 60207 (EDNY, 7/24/08) quoting Heck v. Humphrey, 512 US 477, 487 N.7 (1994). The court in Heck was exceedingly clear. "A suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced at a . . . . criminal trial resulting in the §1983 plaintiff's still-outstanding conviction." Heck at N.7. "Such a §1983 action, even if successful, would

Page 1 of 3

not necessarily imply that the plaintiff's conviction was unlawful." Id. This is an exception clearly adopted by the Second Circuit. See Fifield v. Barrencotta, 353 Fed. Appx. 479, 480-1 (2nd Cir., 2009) quoted in Parker-El v. Morales, 2015 US Dist. LEXIS 138350 (SDNY, 10/9/15) ("Fourth Amendment claims . . . do not ordinarily fall within the Heck rule, since a finding for the plaintiff would not necessarily demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, at least unless the conviction was dependent on evidence obtained as a result of that arrest.") See also Covington v. City of New York, 171 F.3d 117, 123 (2nd Cir., 1998) ("Such a case might arise if there were independent evidence upon which a conviction could be obtained that was not in any way tainted by the unlawful arrest.")

Here, these claims fall precisely into that exception carved out in Heck. In no way does Plaintiff challenge or seek to overturn his criminal conviction through this action. His claims against Defendants Wilmont and O'Hanlon stem exclusively from the intimidation of their outrageous conduct that put Plaintiff in fear for his life and caused the ongoing emotional and psychological issues that haunt Plaintiff to this day. There was sufficient evidence obtained outside of (and untainted by) this arrest on which a guilty verdict could have been obtained. A finding by this court in Plaintiff's favor against Defendants Wilmont and O'Hanlon would not cast doubt on his criminal conviction and, therefore, these claims are not barred by Heck.

Plaintiff conceeds his somewhat poor drafting of the complaint may have inadvertently contributed to Magistrate Judge Baxter's misreading. Plaintiff again reminds this court of his pro se status and believes a liberal construction of the original complaint supports his objections here. Plaintiff is willing to amend the complaint at the court's direction if a more succinct or clear allegation would resolve any clarity issues.

## II – Conclusion

Claims One-Three of the Plaintiff's complaint are not barred by the Heck rule. A finding by this court in Plaintiff's favor would not necessarily invalidate the criminal conviction against him. Plaintiff there fore objects to Magistrate Judge Baxter's Recommendation that those claims be dismissed. He requests those claims be allowed to proceed and this court order service of the complaint upon Defendant's Wilmont and O'Hanlon and they be directed to file appropriate answers.

Respectfully submitted,

Dated July 24, 2017

*C. Alexander*
Craig Alexander, pro se
Reg. No. 21707-052
FCI-Fort Dix
PO Box 2000
Joint Base MDL, NJ  08640

## Certificate of Service

I, Craig Alexander, do hereby certify that on this 24th day of July, 2017 I did serve a true and accurate copy of the above Objection to the Report and Recommendation on Defendants at: 1) Oneida Indian Nation Police Department 306 Diamond St. Canastota, NY 13032, 2) Office of the New York Attorney General, State Capitol Room 221, Albany, NY 12224, and 3) Oneida State Police Barracks, Oneida, NY all via the official Inmate Legal Mail system of FCI-Fort Dix, First Class US Mail, postage pre-paid.

*C. Alexander*
Craig Alexander

Craig Alexander 21707-052
Federal Correctional Institute
PO Box 2000
Joint Base MDL, NJ 08640



RECEIVED
JUL 28 2017
U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

US District Court
Office of the Clerk
Civil Div.
100 South Clinton St.
Syracuse, NY 13261

Trenton FSMC NJ 086
WED 26 JUL 2017 PM

