UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRAIG ALEXANDER

                                Plaintiff,
                                                                         6:17-CV-0725
v.                                                                             (GTS/ATB)

STATE OF NEW YORK; ONEIDA INDIAN NATION
POLICE; ANDREW WILMONT, NYS Police
Investigator; FNU O'HANLON, NYS Police Officer;
UNKNOWN STATE POLICE OFFICER #1;
UNKNOWN STATE POLICE OFFICER #2;
ROBERT NOLAN, Oneida Indian Nation Police
Investigator; DAVID JONES, Oneida Indian Nation
Police Officer; and ONEIDA INDIAN NATION
POLICE BUREAU OF INVESTIGATION,

                                Defendants.
_____

APPEARANCES:

CRAIG ALEXANDER
  Plaintiff, *Pro Se*
Fort Dix, Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, New Jersey 08640

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

       Currently before the Court, in this civil rights action filed *pro se* by Craig Alexander

("Plaintiff") against the nine above-captioned entities and individuals ("Defendants"), are the

following: (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation

recommending that (a) Plaintiff's unreasonable-search and deprivation-of-counsel claims against

Defendants Wilmont and O'Hanlon be *sua sponte* dismissed without prejudice to renewal after

Defendants' criminal conviction is reversed, pursuant to *Heck v. Humphrey*, 512 U.S. 477

(1994), (b) Plaintiff's claims against Defendants Unknown State Police Officer #1 and Unknown State Police Officer #2 be *sua sponte* dismissed without prejudice for lack of personal involvement, (c) Plaintiff's claims against the State of New York, Oneida Indian Nation Police, and the Oneida Indian Nation Police Bureau of Investigation be *sua sponte* dismissed with prejudice based on sovereign immunity, and (d) Plaintiff's excessive-force claims against Defendants Nolan and Jones be permitted to proceed; and (2) Plaintiff's Objection to the Report-Recommendation.  (Dkt. No. 6.)

**I.     PLAINTIFF'S OBJECTIONS**

Generally, in his Objections, Plaintiff asserts three arguments: (1) *Heck* contains an exception for claims that, if successful, would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff (e.g., a claim of an unreasonable search that produced evidence that was relied on at trial only because of the independence-source doctrine or inevitable-discovery doctrine); (2) here, Plaintiff's unreasonable-search and deprivation-of-counsel claims against Defendants Wilmont and O'Hanlon fall within that exception, because "[h]is claims against Defendants Wilmont and O'Hanlon stem exclusively from the intimidation of their outrageous conduct that put Plaintiff in fear for his life and caused the ongoing emotional and psychological issues that haunt Plaintiff to this day," and "[t]here was sufficient evidence obtained outside of (and untainted by) this arrest on which a guilty verdict could have been obtained"; and (3) in any event, even if his claims are deficient, the Court should afford him an opportunity to amend them prior to dismissal because he is a *pro se* litigant. (Dkt. No. 5.)

## II.     STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in those portions of the Report-Recommendation to which Plaintiff did not specifically object: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the portions of the Report-Recommendation to which Plaintiff did not specifically object are accepted and adopted in their entirety for the reasons stated therein.

With regard to the portion of the Report-Recommendation to which Plaintiff did specifically object, the Court finds no error in the Magistrate Judge Baxter's finding that Plaintiff's first two claims are defective for the reasons stated in the Report-Recommendation.

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

As for Plaintiff's request for a chance to amend those claims, the Court has trouble conceiving of factual allegations consistent with those asserted in support of Plaintiff's first two claims that would (1) not invalidate his conviction, and (2) still give rise to an actionable unreasonable-search claim under the Fourth Amendment and deprivation-of-counsel claim under the Sixth Amendment against Defendants Wilmont and O'Hanlon. The Court notes that the reasons the evidence produced by the allegedly unreasonable search and deprivation of counsel were admitted and relied on at trial were not the independence-source doctrine or inevitable-discovery doctrine. *See United States v. Alexander*, 14-CR-0453, Decision and Order at 6-10, 13-15 (N.D.N.Y. filed March 1, 2016) (Suddaby, C.J.) (denying defendant's motion to suppress evidence recovered from his vehicle); *United States v. Alexander*, 14-CR-0453, Decision and Order at 4-7 (N.D.N.Y. filed Apr. 13, 2016) (Suddaby, C.J.) (denying defendant's motion to suppress the admission of his post-arrest statements that were allegedly made in violation of his Fifth and Sixth Amendment rights). Moreover, once the factual allegations asserted in support of the first two claims are stripped of facts that would invalidate his conviction, they appear likely to fail to state a claim–despite how much Plaintiff adds to them allegations of "intimidation" and "outrageous conduct." However, the Court is unable at this point to find that an amendment would be futile, and the Court is mindful of the opportunity it must give a plaintiff to correct his pleading defects to the extent they are not substantive. *Cresci v. Mohawk Valley Cmty. College,* No. 15-3234, 2017 WL 2392470, at *3 (2d Cir. 2017). As a result, the Court will permit Plaintiff a reasonable opportunity to cure the defects in these claims before dismissing them.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** as modified by this Decision and Order; and it is further

**ORDERED** that Plaintiff's claims against Defendants Wilmont and O'Hanlon shall be, without further Order of the Court, *sua sponte* **DISMISSED without prejudice** to renewal after Defendants' criminal conviction is reversed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), **unless, within THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint correcting the pleading defects in this claims identified in the Report-Recommendation; and it is further

**ORDERED** that Plaintiff's claims against Defendants Unknown State Police Officer #1 and Unknown State Police Officer #2 shall be, without further Order of the Court, *sua sponte* **DISMISSED without prejudice**, **unless, within THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint correcting the pleading defects in this claims identified in the Report-Recommendation; and it is further

**ORDERED** that, if Plaintiff files an Amended Complaint within the referenced thirty-day period, then the Amended Complaint shall be referred to Magistrate Judge Baxter for his review; if, however, Plaintiff fails to file an Amended Complaint within the referenced thirty-day period, then Plaintiff's claims against Defendants Wilmont, O'Hanlon, Unknown State Police Officer #1, and Unknown State Police Officer #2 shall be dismissed as described above without further Order of the Court; and it is further

**ORDERED** that all claims against Defendants State of New York, Oneida Indian Nation Police, and the Oneida Indian Nation Police Bureau of Investigation are *sua sponte* **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's excessive-force claims against Defendants Nolan and Jones **SURVIVE** the Court's *sua sponte* review of Plaintiff's Complaint, and the Clerk of Court shall issue Summonses and forward them, along with copies of the Complaint, to the U.S. Marshal for service upon Defendants Nolan and Jones, who shall respond in accordance with the Federal Rules of Civil Procedure.

Dated: August 30, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge