UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CRAIG ALEXANDER**,

   *Plaintiff*,

 -*vs*-

**STATE OF NEW YORK; ONEIDA INDIAN NATION POLICE; ANDREW WILMONT, NYS** Police Investigator; **FNU O'HANLON, NYS** Police Officer; **UNKNOWN POLICE OFFICER #1; UNKNOWN STATE POLICE OFFICER #2; ROBERT NOLAN,** Oneida Indian Nation Police Investigator; **DAVID JONES,** Oneida Indian Nation Police Officer; and **ONEIDA INDIAN NATION POLICE BUREAU OF INVESTIGATION**,

   *Defendants*.

Civil Action No.
6:17-CV-0725
(GTS/ATB)

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       **BARCLAY DAMON LLP**
       *Attorneys for Defendants*
       *Robert Nolan and David Jones*
       Barclay Damon Tower
       125 East Jefferson Street
       Syracuse, New York  13202
       Telephone:   (315) 425-2836

**GABRIEL M. NUGENT**
**CASSANDRA L. SANTORO**
   *Of Counsel*

15113423.1

## TABLE OF CONTENTS

Preliminary Statement .................................................................................................................. 3

Procedural History ....................................................................................................................... 4

Statement of Facts ........................................................................................................................ 6

Standard of Review ...................................................................................................................... 9

Argument ................................................................................................................................... 10

    I.    Plaintiff's Excessive Force Claim Fails As a Matter of Law ........................................... 10

        A.    Defendants Used Reasonable Force .............................................................................. 10

        B.    Plaintiff Suffered No Injury. ........................................................................................ 12

        C.    Allegations of Verbal Harassment Cannot Support an Excessive Force Claim. .......... 14

Conclusion ................................................................................................................................. 14

**PRELIMINARY STATEMENT**

Defendants Robert Nolan ("Officer Nolan") and David Jones ("Officer Jones") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for summary judgment as to Plaintiff Craig Alexander's ("Plaintiff") cause of action under 42 U.S.C. § 1983 alleging excessive force.

Plaintiff's cause of action against Defendants arises out of his arrest at the Turning Stone Resort Casino (the "Turning Stone") on July 25, 2014, which later resulted in Plaintiff's conviction on federal criminal charges.[1]  Following his conviction, Plaintiff filed this lawsuit claiming Defendants, both officers of the Oneida Indian Nation Police Department ("OINP"), violated his civil rights by using excessive force when they arrested him in a bathroom at the Turning Stone, striking him with the butt of a gun, punching him in the ribs, and kneeing him, all while verbally harassing him.

Clear video evidence of the thirty-second-long incident, and Plaintiff's own testimony, demonstrate his allegations are baseless, and his excessive force claim must be dismissed.  The video evidence, recorded on the Turning Stone's security cameras, shows a swift, professional, and orderly arrest that is as uneventful as it is brief.  The video evidence also demonstrates the arrest did not take place in a bathroom, no gun was drawn, no punch was thrown, and no knee was administered.

In his deposition testimony, Plaintiff admitted he was attempting to redeem gift cards at the Turning Stone using another person's identification, and he testified that Defendants had a legitimate basis to arrest him after he took off running from a cashier's counter with no warning,

---

[1] In the matter entitled *United States v. Craig Alexander*, Northern District of New York Case No. 5:14-cr-00453-GTS-1, Plaintiff was convicted of two counts of aggravated identity theft and one count of aggravated device fraud, following jury trial. [Statement of Material Facts, dated May 15, 2018  ("SOMF"), ¶ 7.]

15113423.1

leading Defendants on a foot chase through the casino floor. Plaintiff also admitted he never saw a gun, contradicting an allegation in his Complaint, and he admitted he suffered no physical injuries—not even a minor cut or bruising—and sought no medical treatment.

Video footage after the arrest shows Plaintiff and Defendants walking away from the arrest calmly, with no indication anyone was in any scuffle. This undisputed evidence proves any force applied by Defendants when they arrested Plaintiff was completely reasonable and appropriate. Furthermore, verbal harassment, without more, cannot support an excessive force claim.

For the reasons set forth herein, Plaintiff's excessive force claim remains facially insufficient and legally insupportable. Defendants respectfully request that the Court grant their motion for summary judgment.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint on July 5, 2017 against State of New York, OINP, New York State Police Investigator Andrew Wilmont, New York State Police Officer O'Hanlon, Defendants, and several persons unknown to him. [Dkt. 1.] Plaintiff alleged a variety of violations of the U.S. Constitution, all based on the circumstances of his arrest at the Turning Stone. [Dkt. 1, pp. 5-8.] "Claim Five" in Plaintiff's Complaint is styled a cause of action for "Excessive Use of Force," and makes the following allegations:

> CLAIM FIVE:  EXCESSIVE USE OF FORCE
>
> > Defendant Nolan and Defendant Jones used excessive and unnecessary force when arresting Plaintiff at the Turning Stone Casino. This conduct rises to a level of police brutality and is a violation of [Plaintiff's] civil rights.
>
> > \*     \*     \*
> > On June 25, 2015 [sic.], Plaintiff was at the Turning Stone Casino in Oneida, NY. He was approached by Defendants Nolan and

> Jones. Fearing arrest, Plaintiff ran from those defendants to a nearby bathroom.
>
> In the bathroom, Defendant Nolan ordered Plaintiff to put his hands up and face the wall. Plaintiff immediately complied. Plaintiff told Defendants Nolan and Jones he did not have a weapon on him. Defendant Nolan placed his gun to Plaintiff's head and then grabbed Plaintiff's arm. He then struck Plaintiff with the butt of his gun in his upper back and slammed Plaintiff's face into the wall.
>
> Defendant Nolan then wreathed [sic] Plaintiff to the ground, punching Plaintiff in the ribs. Defendant Nolan then yelled, "Don't move, m*****-f*****!" As he attempted to cuff Plaintiff, Defendant Nolan kneed him in the small of his back.
>
> As Defendant dragged Plaintiff from the bathroom he shouted, "M*****-f*****, you got me chasing you. Why you running, you f****** N*****?"

[Dkt. 1, pp. 4-5.] Plaintiff admitted that his excessive force cause of action against Defendants is based on the allegations on the bottom of page 4 of his Complaint and allegations 1-4 on page 5 of his Complaint. [SOMF, ¶ 2.]

On July 12, 2017, Magistrate Judge Andrew T. Baxter filed an Order and Report-Recommendation on Plaintiff's motion to proceed in forma pauperis with recommendations to dismiss all causes of action in the Complaint, except for the excessive force claim against Defendants. [Dkt. 4.] Chief Judge Glenn T. Suddaby issued a Decision and Order on August 30, 2017, accepting and adopting Magistrate Baxter's Report-Recommendation. [Dkt. 6.] As a result, the only surviving claim in this matter is Plaintiff's excessive use of force claim against Defendants.

Following the issuance of the Decision and Order, the Complaint was served on Defendants, who filed their Answer on October 10, 2017. [Dkt. 13.] Plaintiff was deposed on March 27, 2018, at the Fort Dix Correctional Facility in Fort Dix, New Jersey. [SOMF, ¶ 1.]

## STATEMENT OF FACTS

The relevant facts are set forth in detail in the accompanying Statement of Material Facts, which is supported by the (1) Declaration of Gabriel M. Nugent, dated May 15, 2018, with exhibit; (2) Declaration of John Armitage, dated May 11, 2018, with exhibit; (3) Declaration of David Jones, dated May 13, 2018; and (4) Declaration of Robert Nolan, dated May 14, 2018.

The events giving rise to Plaintiff's cause of action against Defendants occurred on July 25, 2014 at the Turning Stone and were recorded[2] by video cameras.  [SOMF, ¶¶ 3-4.]

Plaintiff was attempting to make "cash withdrawals" with "gift cards" using a driver's license belonging to Jareen Chinnery—a man Plaintiff did not know—when Defendants approached him at the "cage" at the Turning Stone.[3]  [SOMF, ¶ 6.]  When Officer Nolan got close to him, Plaintiff began to walk away from the cage window.  [SOMF, ¶ 8.]  When Officer Nolan signaled to him, Plaintiff took off running, leading Defendants on a brief chase through the casino floor.  [SOMF, ¶¶ 6-9.]  Plaintiff admitted Defendants had a good-faith basis to believe he was committing a crime and to approach him, and also that it was appropriate for Defendants to pursue him after he began running.  [SOMF, ¶¶ 10-11.]

Officer Jones caught up with Plaintiff in an open area adjacent to a pair of bathrooms[4] on the casino floor.  [SOMF, ¶ 12.]  The video time stamp shows Officer Jones cornering Plaintiff outside the bathrooms at 9:45:39 a.m.  [SOMF, ¶ 14.]

---

[2] Plaintiff admitted he received and had an opportunity to review the video footage.  [SOMF, ¶ 5.]

[3] Plaintiff was convicted of a crime based on his conduct at the Turning Stone on July 25, 2014.  [SOMF, ¶ 7.]

[4] Although Plaintiff alleged his arrest occurred inside the bathroom and that he was pushed up against a wall inside the bathroom, neither Plaintiff nor Defendants ever entered the bathroom.  [SOMF, ¶ 13.]

Officer Jones approached and grabbed Plaintiff, bringing him quickly to the ground, but he did not strike Plaintiff, draw his weapon, nor slam Plaintiff into a wall. [SOMF, ¶ 15.] It took Officer Jones between three and five seconds to bring Plaintiff to the ground. [SOMF, ¶ 16.]

Defendants handcuffed Plaintiff as soon as he was on the ground, which Plaintiff admitted was appropriate. [SOMF, ¶¶ 18-19.] The video time stamp shows that Officer Jones finished handcuffing Plaintiff at 9:46:05 a.m, evidencing the entire encounter—from the time Officer Jones reached Plaintiff, to the time he was handcuffed—lasted twenty-six seconds. [SOMF, ¶¶ 20-21.] The video is consistent with Plaintiff's own estimate; he testified the encounter was "real quick," lasting about thirty seconds from the end of the chase until he was handcuffed. [SOMF, ¶ 22.]

After handcuffing Plaintiff, Defendants searched his pockets and patted him down. [SOMF, ¶ 25.] Although Plaintiff claimed he told Defendants he did not possess a weapon, he admitted it was appropriate for Defendants to search him instead of taking his word that he was weapon-free. [SOMF, ¶ 26.] Plaintiff also admitted he failed to identify himself to Defendants. [SOMF, ¶ 24.]

According to the video time stamp, Defendants began searching Plaintiff at 9:46:06 a.m. and finished at 9:46:42 a.m., raising Plaintiff to his feet at 9:46:50 a.m. [SOMF, ¶¶ 27-29.] Defendants then walked Plaintiff off the Turning Stone's main floor to the OINP office. [SOMF, ¶ 30.]

Plaintiff admitted his excessive force claim is based solely on the approximately thirty-second encounter outside the bathrooms.

> Q   But your claim really only relates to what happened at the end of the chase; is that right?
>
> A   Yes.

> Q     Not anything that happened during when you walked from the place where you were cuffed to the other floor; is that right?
>
> A     No.
>
> Q.    So really that 30-second period, that's really the time that relates to your claim?
>
> A     Yes.

[SOMF, ¶ 31.]

The video demonstrates Defendants drew no weapons at any time during the encounter. [SOMF, ¶ 32.] Although he alleged in his Complaint that he was struck with a gun, Plaintiff recanted that allegation at his deposition:

> Q     But did you see a gun brandished?
>
> A     Yeah, I think I recollect a gun being brandished.
>
> Q     Did it hit you in the back of the head? How did you see it?
>
> A     Something struck me in the back of my head.
>
> Q     So you don't know if it was a gun?
>
> A     No, I don't know if it was a gun.

[SOMF, ¶ 33.]

Plaintiff also made the following admissions about the encounter at his deposition:

- He did not cry out for help or in pain. [SOMF, ¶ 34.]

- He suffered no physical injuries. [SOMF, ¶ 35.]

- Although Plaintiff claimed he was struck in the back of the head with an object, he admitted that it left no mark on him. [SOMF, ¶ 36.]

- Plaintiff claimed his neck was sore, but he had no scars, breaks of skin, or bruising, and he did not seek medical treatment following the incident. [SOMF, ¶ 37.]

- Plaintiff also admitted that he "didn't really complain about [his injuries]." [SOMF, ¶ 38.]

- Plaintiff had no difficulty walking after he was handcuffed. [SOMF, ¶ 38.]

- Defendants transferred Plaintiff to the custody of the New York State Police Department. When he was asked about the incident, Plaintiff did not mention any injuries. [SOMF, ¶ 39.]

## STANDARD OF REVIEW

A motion for summary judgment must be granted when the moving party demonstrates there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Morrison v. City of Hudson*, No. 1:14-CV-1409 (GTS/DEP), 2017 U.S. Dist. LEXIS 160992, at *19 (N.D.N.Y. Sep. 29, 2017); *Chiesa v. N.Y. State Dep't of Labor*, 638 F. Supp. 2d 316, 320 (N.D.N.Y. 2009). The party seeking summary judgment has the burden of demonstrating no material factual dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Morrison*, 2017 U.S. Dist. LEXIS 160992, at *19; *Chiesa*, 638 F. Supp. 2d at 320. Facts and inferences must be viewed in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morrison*, 2017 U.S. Dist. LEXIS 160992, at *19; *Chiesa*, 638 F. Supp. 2d at 320.

Once the moving party has carried its burden, the opposing party must do more than "show that there is some metaphysical doubt as to the material facts." *Atkinson v. Huntington*, No. 9:15-CV-0065 (MAD/TWD), 2016 U.S. Dist. LEXIS 111705, at *8 (N.D.N.Y. Aug. 19, 2016) (*quoting Matsushita Elec. Indus. Co.*, 475 U.S. at 586). Bare assertions and conclusions regarding a party's understandings, beliefs, or assumptions are insufficient to withstand a motion for summary judgment, and an opposing party may not rest upon unsubstantiated allegations or mere denials. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Patterson v.*

*County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). Instead, the non-moving party must establish specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 256.

## ARGUMENT

**I.     PLAINTIFF'S EXCESSIVE FORCE CLAIM FAILS AS A MATTER OF LAW**

To succeed on an excessive force claim under the Fourth Amendment, a plaintiff must prove the defendant (1) acted under the color of law; (2) used excessive force amounting to punishment; (3) acted willfully; and (4) caused bodily injury. *United States v. Cote*, 544 F.3d 88, 98 (2d Cir. 2008). The undisputed facts in this case demonstrate Plaintiff cannot satisfy these elements. Accordingly, summary judgment must be granted, and the Complaint should be dismissed in its entirety.

**A.     Defendants Used Reasonable Force.**

In determining whether the individual used excessive force, courts must balance the plaintiff's Fourth Amendment interests against those of the government actors. *See Bridgeforth v. County of Rensselaer*, No. 1:08-CV-0779 (LEK/RFT), 2012 U.S. Dist. LEXIS 96515, at *18-19 (N.D.N.Y. July 12, 2012). "In determining whether a constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

Police officers are permitted to use some degree of force restraining an individual during an arrest, but the force they use must be reasonable under the circumstances. *See Tyk v. Surat*, 675 Fed. Appx. 40, 42 (2d Cir. 2017) (affirming dismissal of excessive force claim due to lack of

admissible evidence of injury). The reasonableness of the use of force is judged objectively from the view of a reasonable officer on the scene, not by hindsight. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). That determination "must embody allowances for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Id*. at 396-97. Not every push or shove is a violation of the Fourth Amendment. *See id.* at 396 (quoting *Johnson,* 481 F.2d at 1033).

The undisputed evidence in this case demonstrates Defendants' use of force was reasonable and appropriate under the circumstances. The video evidence and Plaintiff's own testimony demonstrate he was using someone else's identification to redeem "gift cards" at the Turning Stone. [SOMF, ¶¶ 3-7.] Defendants were called to investigate Plaintiff's conduct by a Turning Stone employee. [SOMF, ¶¶ 6-7; Jones Decl., ¶ 6; Nolan Decl., ¶ 4.]

When Defendants approached Plaintiff, he fled with no warning and led Defendants on a foot chase through the casino floor. [SOMF, ¶¶ 8-9.] Responding to this conduct, it was more than reasonable for Defendants to pursue and apprehend Plaintiff. Plaintiff acknowledged both that Defendants had a good-faith basis to believe he was committing a crime, and that it was appropriate for them to approach him, follow him through the Turning Stone, put him in handcuffs, and search his person. [SOMF, ¶¶ 10-11, 19, 26.]

Due to the serious nature of his crime and the obvious flight risk, it was objectively reasonable for Officer Jones to grab Plaintiff, bring him to the ground, and handcuff him. Moreover, Plaintiff admitted that it was appropriate for Officer Jones to do so. [SOMF, ¶ 19.]

The video evidence both supports a finding that Defendants acted reasonably and refutes allegations in Plaintiff's Complaint. The video shows a brief chase, followed by a brief struggle

in which Plaintiff seemed not to resist while he was taken to the ground and restrained. [SOMF, ¶¶ 8-9, 12-18, 25-29.] Plaintiff never entered a bathroom; Defendants did not use a gun; Defendants did not knee Plaintiff in the back; and Defendants did not punch Plaintiff. [SOMF, ¶¶ 13, 15, 32-33.] Plaintiff admitted he was unsure if Defendants hit him with a gun, or if they even drew a gun at all. [SOMF, ¶ 33.]

The video evidence demonstrates that only twenty-six seconds elapsed between the time Defendants caught up to Plaintiff after the foot chase and the time Defendants placed Plaintiff in handcuffs. [SOMF, ¶ 21.] Although a portion of Officer Jones and Plaintiff's bodies are hidden from the surveillance video for two of those seconds, it is clear from the video and the way Officer Jones brought Plaintiff to the ground that Officer Jones did not slam Plaintiff into the wall or hit him with a gun. [SOMF, ¶ 15.] In footage showing Defendants and Plaintiff walking away after the arrest, none of the men appear to have been involved in a taxing physical struggle. [SOMF, ¶ 30.] Not only did Plaintiff's narrative change dramatically from his initial allegations, but the surveillance video completely discredits his claim and proves Defendants did not use excessive force.

### B. Plaintiff Suffered No Injury.

The existence of a bodily injury is necessary to prevail on a cause of action for excessive force. *See Cote*, 544 F.3d at 98. Although, the injury does not need to be permanent or severe, if it is *de minimis*, there is no excessive force claim. *See Bridgeforth*, 2012 U.S. Dist. LEXIS 96515, at *18. A *de minimis* injury can be conclusive proof that the force used was *de minimis*. *See Regels v. Giardono*, 113 F. Supp.3d 574, 599 (N.D.N.Y. 2015). *De minimis* injuries include short-term pain, swelling, and bruising; brief numbness from tight handcuffing; claims of minor discomfort from tight handcuffing; and two superficial scratches with a cut inside the mouth.

*See Regels*, 113 F. Supp.3d at 599; *Epps v. City of Schenectady*, No. 1:10-CV-1101 (MAD/CFH), 2013 U.S. Dist. LEXIS 26633, at *11 (N.D.N.Y. Feb. 27, 2013).

Plaintiff admitted that he suffered no injuries, scars, breaks, or bruises, aside from neck soreness, as a result of his encounter with Defendants. [SOMF, ¶¶ 35-37.] Soreness, without more, is *de minimis* "short-term pain." Moreover, Plaintiff did not complain about his alleged injuries, nor did he seek medical treatment. [SOMF, ¶¶ 37-39.] Plaintiff also failed to allege he suffered lasting pain due to the alleged actions of Defendants. In fact, Plaintiff was directly asked about what physical injuries he sustained, and he answered, "No, no physical injuries." [SOMF, ¶ 35.]

In the context of an excessive force claim in violation of the Eighth Amendment, this Court recently held that a plaintiff failed to demonstrate that he sustained more than a *de minimis* injury when he claimed an injury and pain for which he asked for a sick call. *See Brisman v. Graham*, No. 9:15-cv-00466 (MAD/TWD), 2016 U.S. Dist. LEXIS 94556, at *13 (N.D.N.Y. July 18, 2016). Plaintiff's alleged injury, if any, is even less severe, as he only alleged neck soreness that required no medical treatment and did not bring about any medical complaints. [SOMF, ¶¶ 35-39.]

Although a plaintiff is not required to seek medical treatment for injuries he sustained to succeed on an excessive force claim, the fact that he did not may weigh against finding that defendants used excessive force on him. *See Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987); *Epps*, 2013 U.S. Dist. LEXIS 26633, at *1; *Cunningham v. Rodriguez*, No. 01 Civ. 1123 (DC), 2002 U.S. Dist. LEXIS 22660, at *12-13 (S.D.N.Y. Nov. 22, 2002) (holding any force used was *de minimis* where plaintiff alleged defendant hit him in the back and face because an initial medical examination found no injuries or complaints, and an examination one week after the

incident found nothing significant aside from muscle pain). As a result, Plaintiff's failure to seek medical treatment following Defendants' alleged use of excessive force is further evidence that he sustained nothing more than *de minimis* injuries and was not subjected to excessive force.

Therefore, because Plaintiff suffered, at worst, a *de minimis* injury, he cannot assert an excessive force claim.

### C. Allegations of Verbal Harassment Cannot Support an Excessive Force Claim.

Plaintiff alleged Defendants yelled at him and made racially inappropriate remarks during the arrest. [Dkt. 1, p. 5.] However, allegations of verbal harassment, alone, cannot support an excessive force claim. *See Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001).

In *Fisher v. Jenks*, this Court granted a motion for summary judgment against a plaintiff who alleged that the officers "'roughly pushed and man handled' him, while making 'disrespectful and degrading comments.'" No. 9:13-CV-0213 (BKS/TWD), 2015 U.S. Dist. LEXIS 107975, at *11 (N.D.N.Y Aug. 17, 2015) (holding mere threats, verbal harassment, or profanity, without injury or damage, are not actionable).

This case presents a nearly identical situation. As such, and in the absence of an alleged injury, his excessive force claim must fail.

### CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that their Motion for Summary Judgment be granted and the Complaint dismissed in its entirety, together with such other and further relief as the Court deems just and proper.

| | |
|---|---|
| **DATED:** May 15, 2018 | **BARCLAY DAMON LLP** |

By:   *s/ Gabriel M. Nugent*
      Gabriel M. Nugent
      Bar Roll No. 513947

      Cassandra L. Santoro
      Bar Roll No. 520492

*Attorneys for Defendants Robert Nolan and David Jones*
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 425-2836
              (315) 425-2882
Email:  gnugent@barclaydamon.com
          csantoro@barclaydamon.com